# EXHIBIT "A"

FILED
DONNA McQUALITY
CLERK, SUPERIOR COURT
09/08/2020  2:05PM
BY: MBURNETT
DEPUTY

Case No.: V1300CV202080202
HON. CHRISTOPHER KOTTKE

Peter Strojnik,
7847 N. Central Avenue
Phoenix, Arizona 85020
Telephone:  (602) 524-6602
ps@strojnik.com

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF YAVAPAI

|  |  |
|---|---|
| Peter Strojnik, <br><br> Plaintiff, <br><br> vs. <br><br> Pro Hospitality One PV, LLC dba Greentree Inn of Prescott; Greentree Inns Hotel Management Group, Inc. <br><br> Defendants. | Case No: <br><br> **COMPLAINT** <br><br> **1. Americans with Disabilities Act** <br> **2. Negligence** <br> **3. Negligent Misrepresentation** <br> **4. Failure to Disclose** <br> **5. Common Law Fraud / Consumer Fraud** <br> **6. Consumer Fraud – Brand Deceit** <br> **7. Civil Conspiracy to Commit Fraud** <br> **8. Aiding and Abetting** <br><br> **JURY TRIAL REQUESTED** |

## NATURE OF THE CASE

1. Segregation of the disabled is the last of the collectively acceptable discrimination. Discrimination is highly prevalent in the lodging industry.

2. Despite the collectively acceptable discrimination, however, Plaintiff is entitled to full and equal enjoyment of lodging services and facilities, 42 U.S.C. §12182(a). His right to equal and full participation in the benefits and services in lodging facilities is inviolate.

3. The lodging industry is subject to specific accessibility disclosure requirements under 28 C.F.R. 36.302(e)(1)(ii), and specific architectural accessibility requirements pursuant to the ADA Accessibility Guidelines ("ADAAG").

4. Hotels, motels and other places of lodging have developed a system of deceptive self-identification through the use of purchased brand names such as "Holiday Inn" and "DoubleTree by Hilton" while at the same time concealing the true identity of the hotel owners and operators. The intent and purpose of this deceptive identification is to mislead the lodging public into believing that they are booking a hotel room at a national brand name property when they are in fact booking a room with an unknown owner and an unknown operator.

5. The misidentification of the brand name "operator" or "owner" instead of the actual operator or owner benefits the actual operator or owner in its marketing efforts, but does not fall within to the legal definition of the "operator" under the ADA.

6. Some hotels, motels and other places of lodging have developed a system of booking website accessibility disclosures that disclose certain accessible features but also describe other features that are not accessible. The effect of admissions of non-accessibility is to deter the disabled from lodging there.

7. Where a place of lodging limits a disabled person's access to particular features, such limitation represents a prohibited eligibility criteria pursuant to 28 C.F.R. 36.301 because, "while not creating a direct bar to individuals with disabilities, indirectly prevent or limit their ability to participate".

8. Therefore, Plaintiff brings this action against Defendants alleging:

   a. Violations of 28 C.F.R. 36.302(e)(1)(ii) and the ADAAG and corresponding negligence against Defendant Pro Hospitality One PV ("Pro Hospitality"); and

   b. Violations of common law and statutory consumer protection laws against Pro Hospitality; and

   c. Brand deceit for deceptive self-identification against Pro Hospitality; and

   d. Civil Conspiracy against Pro Hospitality and Greentree; and

   e. Civil Aiding and Abetting against Greentree related to (i) Pro Hospitality 's use of Greentree's website platform to provide incorrect and deceptive accessibility information and (2) for assisting Pro Hospitality in its deceptive self-identification.

**PARTIES**

9. Plaintiff is a retired veteran and a disabled person as defined by the 2008 ADA Amendment Act, 28 C.F.R. 36.105 all as more fully developed below.

10. Defendant Pro Hospitality owns, operates leases or leases to a lodging business located at 7875 East State Route 69, Prescott Valley, AZ 86314 ("Hotel").

11. Defendant Greentree Inns Hotels Management Group ("Greentree") is a lodging and franchising chain and the direct or indirect owner of the brand "Greentree".

**JURISDICTION AND VENUE**

12. Superior Court has jurisdiction over this case or controversy by virtue of A.R.S. § 12-123. Venue is proper pursuant to A.R.S. § 12-401.

13. This Court has continuing subject matter jurisdiction by virtue of, *inter alia,* Plaintiff's claim for equitable nominal damages.

14. The ADA violations documented below relate constitute barriers to Plaintiff equal enjoyment of defendant's Hotel by virtue of the limitations of major life activities described in Table 1 below, that is, walking, standing, sitting, bending, sleeping, working, performing manual tasks, reaching, grasping, lifting, climbing, kicking, pushing, opening doors, twisting the wrist, shoulder and elbows, and working in a manner understood by the application of common sense, e.g., in improperly configured handrail relates to Plaintiff's walking and grasping while an improperly configured staircase relates to his walking and climbing impairments[1].

15. These barriers impair Plaintiff's full and equal access to the Hotel.

16. Plaintiff is deterred from visiting the Hotel based on Plaintiff's knowledge that the Hotel is not ADA compliant as such compliance relates to Plaintiff's disability. However, Plaintiff intends to return to the Hotels periodically to test them for ADA compliance. Plaintiff's current intent is to return to the Hotels to lodge there or to test their accessibility within a year's time.

---

[1] These are merely examples of the application of common sense; the referenced violations were not necessarily encountered at Defendant's Hotel. The actual barriers are photographically documented elsewhere in this Complaint. Each photograph has a description of the violation in common everyday language which relates to one or more of the limited life activities described above.

17. Plaintiff intends to visit the Hotels at a specific time when they become fully compliant with ADAAG; just as a disabled individual who intends to return to a noncompliant Hotel suffers an imminent injury from the Hotel's existing or imminently threatened noncompliance with the ADA, a plaintiff who is deterred from patronizing a hotel suffers the ongoing actual injury of lack of access to the Hotel.

**PLAINTIFF'S DISABILITIES AS DEFINED BY THE 2008 ADA AMENDMENT ACT AND 28 C.F.R. 36.105**

18. At all times relevant hereto, Plaintiff suffered from the following physical disabilities: prostate cancer, genitourinary impairment, renal cancer, severe right-sided neural foraminal stenosis with symptoms of femoral neuropathy, missing right knee ameliorated with a prosthesis, limitation on the use of both shoulders, elbows and wrists, pleurisy, hyper blood pressure.

19. Plaintiff's physical infirmities alleged above do both of the following:

   a. Affect neurological, musculoskeletal, respiratory, cardiovascular, reproductive and genitourinary body systems; and

   b. Limit, without regard to mitigated or unmitigated measures, active or inactive state, remissive or non-remissive condition, the following major life activities: walking, standing, sitting, bending, sleeping, working, climbing stairs, kicking, jumping, twisting body, running, reaching, lifting, writing, working, twisting the wrist, shoulder and elbows, grasping, pushing, opening doors, breathing, getting in and out of a car, working, carrying stuff and other major life activities.

20. Plaintiff has a history of impairments stated in the preceding paragraph.

21. Plaintiff is regarded as having a physical conditions that limit major life activities.

22. Because of Plaintiff's disabilities, he requires the use of lodging facilities that are accessible to him and have the standard accessibility features of the construction related accessibility standards including those required by 42 U.S.C. Sec. 12101 et seq., 28 C.F.R. Part 36, the relevant Standards for Accessibility Design, as such laws and regulations relate to walking, standing, sitting, bending, sleeping, working,

4

climbing stairs, kicking, jumping, twisting body, running, reaching, lifting, writing, working, twisting the wrist, shoulder and elbows, grasping, pushing, opening doors, breathing, getting in and out of a car, carrying stuff and working.

23. Plaintiff has been declared disabled and has been issued a government disability placard reproduced in the margin.



24. The following Table 1 indicates the relationship between Plaintiff's ADA disabilities and major life activities:

## RELATION BETWEEN PLAINTIFF'S ADA DISABILITY AND MAJOR LIFE ACTIVITIES

| DESCRIPTION | DISABILITY | | | RELATION | |
| | DISABILITY PRONG | | | MAJOR LIFE ACTIVITY | 28 C.F.R. 36 REFERENCE |
| | Impairment | History Of | Reg'ed As | | |
| Prostate Cancer And Genitourinary Impairment | x | x | x | Abnormal cell growth, genitourinary, bladder, reproductive functions. | (c)(1)(ii) (d)(1)(iv) (d)(1) (v) (d)(1) (vi) (d)(1)(viii) (d)(2)((iii)(F) (e)(1)(2) (f)(1) |
| Renal Cancer | x | x | x | Abnormal cell growth, midsection twisting, turning, general movement. | (c)(1)(ii) (d)(1)(iv) (d)(1)(v) (d)(1)(vi) (d)(1)(viii) (d)(2)((iii)(F) (e)(1)(2) (f)(1) |
| Severe Right-Sided Neural Foraminal Stenosis With Symptoms Of Femoral Neuropathy | x | x | x | Walking, standing, sitting, bending, sleeping, working, climbing stairs, kicking, jumping, twisting body, running, climbing, carrying stuff and other major life activities | (c)(1)(i) (d)(1)(iv) (d)(1)(v) (d)(1)(vi) (d)(1)(viii) (d)(2)(iii)(D) (e)(1)(2) (f)(1) |
| Partially Missing Limb - Missing Right Knee | x | x | x | Walking, standing, sitting, bending, walking, sleeping, | (c)(1)(i) (d)(1)(iv) (d)(1)(v) |

| | | | | working, climbing stairs, kicking, jumping, running, twisting knee, carrying stuff, and other major life activities. | (d)(1)(vi) (d)(1)(viii) (d)(2)((iii)(D) (e)(1)(2) (f)(1) |
|---|---|---|---|---|---|
| Limitation On The Use Of Both Shoulders, Elbows And Wrists | x | x | x | Performing manual tasks, sleeping, reaching, lifting, writing, working, twisting the wrist, shoulder and elbows, grasping, pushing, opening doors, carrying stuff and working. | (c)(1)(i) (d)(1)(iv) (d)(1)(v) (d)(1)(vi) (d)(1)(viii) (e)(1)(2) (f)(1) |
| Pleurisy | x | x | x | Performing manual tasks, sleeping, walking, reaching, lifting, writing, working, carrying stuff, or physically functioning on any level. | (c)(1)(i) (d)(1)(iv) (d))1)(v) (d))1)(vi) (d)(2)((iii)(D) (e)(1)(2) (f)(1) |
| **Table 1** | | | | | |

25. Plaintiff has been declared permanently disabled by the Arizona Department of Transportation and is, therefore "regarded as" being disabled. The disabled placard reproduced in the margin above entitles him to preferential parking, stopping and the use of passenger loading / drop of zone areas.

26. In their unmitigated, active state, Plaintiff's impairments require the use of a wheelchair as defined in 28 C.F.R. 36.104.

27. Plaintiff incorporates the entirety of 28 C.F.R. 36 and the Standards for Accesibility Design into this Complaint as if fully stated herein.

**PLAINTIFF'S ADA REQUIREMENTS FOR FULL AND EQUAL ENJOYMENT OF A HOTEL**

28. With respect to the disclosures required by 28 C.F.R. 36.302(e)(1)(ii) **and** with respect to the removal of actual, physical or architectural barriers to accessibility, Plaintiff alleges:

a. Plaintiff is ADA disabled as described above. The relationship between Plaintiff's impairments and major life activities is described in Table 1.

b. Plaintiff's impairments are substantially limiting as this term is defined in the 2008 ADA Amendment Act and interpreted in 28 C.F.R. 36.105.

c. Plaintiff alleges that the provisions of the 2008 ADA Amendment Act and 28 C.F.R. 35.105 relating to (1) ameliorative effects of mitigating measures (2) episodic impairments, (3) remissive impairments, (4) predictable assessments and (5) the interpretative definition of "substantially limiting" apply to Plaintiff.

d. Because of and based on Plaintiff's impairments described above, Plaintiff requires a place of lodging  where he desires to book a room to both:

   1. Identify and describe accessible features and guest rooms offered through its reservations service in sufficient detail to permit Plaintiff assess independently whether Defendant's Hotel and guest rooms meet Plaintiff's accessibility needs; and

   2. Remediate architectural accessibility barriers that relate to Plaintiff's impairments.

e. The identification of accessible features at the hotel through a hotel's reservation service is required because without such information, Plaintiff is unable to assess independently whether a hotel's condition meets Plaintiff's needs.

f. The remediation of architectural accessibility barriers as they relate to Plaintiff's impairments is required because any encounter with architecturally inaccessible elements causes Plaintiff discomfort and pain when using, negotiating, overcoming or otherwise encountering such barriers.

g. As a result, Plaintiff requires a hotel's booking services to disclose, and the hotel to remediate, all of the following accessibility requirements of the applicable Standards for Accessibility Design[2]:

(i) Operable parts [205[3], 309, 404,] such as doors, door opening and closing hardware, AC controls. An encounter with a non-compliant operable part causes Plaintiff to experience pain and discomfort when using, negotiating, overcoming or otherwise encountering such a barrier and deprive him of full and equal enjoyment of the hotel.

(ii) Knee and toe clearances [306] at counters, bars etc. An encounter with a non-compliant knee and toe clearance causes Plaintiff to experience pain and discomfort when using, negotiating, overcoming or otherwise encountering such a barrier and deprive him of full and equal enjoyment of the hotel.

(iii) Reach ranges [308] in sales stores and other elements. An encounter with a non-compliant reach range causes Plaintiff to experience pain and discomfort when using, negotiating, overcoming or otherwise encountering such barriers and deprive him of full and equal enjoyment of the hotel.

(iv) Accessible routes [402]. An encounter with a non-compliant accessible route causes Plaintiff to experience pain and discomfort when using, negotiating, overcoming or otherwise encountering such a barrier and deprive him of full and equal enjoyment of the hotel.

(v) Walking surfaces [403] on accessible routes. An encounter with a non-compliant walking surfaces causes Plaintiff to experience pain and discomfort when using, negotiating, overcoming or otherwise encountering such a barrier and deprive him of full and equal enjoyment of the hotel.

---

[2] These requirements are based on Plaintiff's disability as defined in the 2008 ADA Amendment Act and 28 C.F.R. 36.105 in their active, inactive, remissive, non-remissive, mitigated or unmitigated states.

[3] Bracketed numbers refer to Standards for Accessibility Design.

8

(vi)   Parking spaces, passenger loading ones, stairways and handrails [501, 502, 503, 504, 505]. An encounter with a non-compliant parking facilities, stairways and handrails causes Plaintiff to experience pain and discomfort when using, negotiating, overcoming or otherwise encountering such barriers and deprive him of full and equal enjoyment of the hotel.

(vii)   Toilet and bathing rooms, water closets and toilet compartments, lavatories and sinks, bathtubs, shower compartments, grab bars, seats, washing machines, clothes dryers and saunas and steam rooms [602, 603, 604, 606, 607, 608, 609, 610, 611 and 612]. An encounter with a non-compliant toilet and bathing rooms, water closets and toilet compartments, lavatories and sinks, bathtubs, shower compartments, grab bars, seats, washing machines, clothes dryers and saunas and steam rooms cause Plaintiff to experience pain and discomfort when using, negotiating, overcoming or otherwise encountering such barriers and deprive him of full and equal enjoyment of the hotel.

(viii)   Transient lodging guest rooms [806]. An encounter with a non-compliant transient lodging guest room causes Plaintiff to experience pain and discomfort when using, negotiating, overcoming or otherwise encountering such a barrier and deprive him of full and equal enjoyment of the hotel.

(ix)   Dining surfaces and work surfaces, benches, check out isles and sales and service counters [902, 903, 904]. An encounter with a non-compliant dining surfaces and work surfaces, benches, check out isles and sales and service counters cause Plaintiff to experience pain and discomfort when using, negotiating, overcoming or otherwise encountering such barriers and deprive him of full and equal enjoyment of the hotel.

(x)  Swimming pools and saunas [1009]. An encounter with non-compliant swimming pools or saunas causes Plaintiff to experience pain and discomfort when using, negotiating, overcoming or otherwise encountering such barriers and deprive him of full and equal enjoyment of the hotel.

29. Plaintiff reviewed Defendant's booking website to determine whether it "identif[ies] and describe[s] accessible features and guest rooms offered through its reservations service in sufficient detail to assess independently whether [Defendant's Hotel or guest room] meet [Plaintiff's] accessibility needs".

30. The reproduction of relevant booking websites in Table 2 below demonstrates a failure to identify and describe accessible features and guest rooms offered through its reservations service in sufficient detail to permit Plaintiff to assess independently whether Defendant's Hotel or guest room meet Plaintiff's accessibility needs:

| 28 C.F.R. 36.302(e)(1)(ii) DISCLOSURES |
| :---: |
| http://www.greentreeinn.com/hotels/az/prescott-valley |

Your Best Value Stay
**Prescott Valley, Arizona**

PRESCOTT VALLEY, ARIZONA

Set along State Route 69, our pet-friendly Prescott Valley hotel blends modern comfort with a contemporary western motif. Our family-friendly hotel neighbors venues like the Prescott Valley Event Center and rodeo arena, and is a gateway to attractions like historic downtown Prescott, the Phippen Museum and the World's Oldest Rodeo during Prescott Frontier Days.

Our non-smoking Prescott Valley hotel offers free parking, a business center, high-speed wireless internet, guest laundry and a Seasonal Outdoor Pool & Spa. Plus, there's ice and vending machines, all-day coffee, water refilling stations and a hot breakfast buffet.

For accessible features of this hotel, please visit to the Features page, and for accessible features of the rooms, please visit the Book Now page.

*ACCESSIBLE FEATURES*

- Accessible rooms
- Accessible elevators
- Accessible exercise facility
- Accessible guest rooms with mobility features with entry or passage doors that provide 32" of clear width
- Accessible meeting rooms

- Accessible parking
- Accessible parking spaces for cars in the self-parking facility
- Accessible public entrance /automated door opening
- Accessible registration desk
- Accessible route from the accessible public entrance to the accessible guestrooms
- Accessible route from the accessible public entrance to the registration area
- Accessible route from the hotel's accessible public entrance to the business center
- Accessible route from the hotel's accessible public entrance to the swimming pool / spa
- Accessible route from the hotel's accessible public entrance to the breakfast area
- Accessible swimming pool / spa
- Emergency instruction in pictorial form
- Emergency procedure for disabled guests
- Steps / staircases have handrails
- ADA compliant signage throughout buildings
- Assistive listening devices for meetings upon request
- Mid-height light switches and power outlets
- Lower hanging space in closet
- Braille room numbers
- Closed captioning on televisions or closed captioning decoders Grab bars alongside toilet
- Grab bars by tub
- Roll-in shower
- Level or ramp entrance into the building
- Public areas/facilities accessible for physically challenged
- Service support animals welcome
- Lift for swimming pool / spa access
- TTY for guest use

- Van-accessible parking in the self-parking facility
- Wheelchair ramp for lobby/reception access

**INSUFFICIENT NUMBER OF ACCESSIBLE ROOMS PER FRONT DESK**



| Table 224.2 Guest Rooms with Mobility Features (text version) | | | |
|---|---|---|---|
| Total Number of Guest Rooms Provided | Minimum Number of Required Rooms Without Roll-in Showers | Minimum Number of Required Rooms With Roll-in Showers | Total Number of Required Rooms |
| 76 to 100 | 4 | 1 | 5 |

**Table 2.**

31. The information disclosed on Hotel's Booking Website include the following misrepresentations of fact:

    a. That the Hotel has accessible self-parking. This representation is false as evidenced in Table 3 below.

    b. That Hotel has accessible parking spaces for cars in the self-parking facility. This representation is false as evidenced in Table 3 below.

    c. That the Hotel is otherwise accessible. This representation is false as evidenced in Table 3 below.

32. Plaintiff personally visited the Hotel and personally encountered the following photographically documented conditions at the Hotel. Below each photograph is a vernacular description of the barrier and how the barrier affected Plaintiff's impairments described above so as to deny him the 'full and equal' access that would satisfy the injury-in-fact requirement (i.e., that he personally suffered discrimination under the ADA on account of his disability).

**PERSONAL BARRIER ECOUNTERS**



Identification.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



No accessibility to guest waiting area.



No marked passenger loading zone.



1. Insufficient Number of Accessible Parking
2. Slope too steep
3. Accessible parking not closest to entry



No handrails on ramp.

1
2
3
4
5
6
7
8
9
10
11
12
13
14



Open risers throughout

15
16
17
18
19
20
21
22
23
24
25
26
27
28



Improperly configured handrails throughout

Inaccessible snack items.

**Identification of Specific Barrier in Plain Language:** As indicate below each photo.

**The date when Plaintiff encountered above described barriers and which deter Plaintiff from visiting the Facility:** On or about August 17, 2020.

## COUNT ONE
Americans with Disabilities Act

33. Plaintiff realleges all allegations heretofore made.

34. Defendant Pro Hospitality violated the ADA as documented above.

35. Plaintiff  is deterred from booking a room at the Hotel because the violations documented above are directly related to his disabilities by the application and use of common sense as suggested by the United States Supreme Court in *Ashcroft v. Iqbal,* 556 U.S. 662 (2009)

36. Each of the above conditions constitute a violation of the ADA and deprived Plaintiff of full and equal access and enjoyment of the Hotel.

37. The removal of barriers is readily achievable.

38. Plaintiff's injury will be redressed by the removal of barriers as requested below.

**WHEREFORE,** Plaintiff prays for all relief as follows:

 A. Relief described in 42 U.S.C. §2000a – 3; and

 B. Relief described in 42 U.S.C. § 12188(a) and (b) and, particularly -

 C. Injunctive relief order to alter Defendant's place of public accommodation to make it readily accessible to and usable by ALL individuals with disabilities; and

 D. Requiring the provision of an auxiliary aid or service, modification of a policy, or provision of alternative methods, to the extent required by Subchapter III of the ADA; and

 E. Equitable nominal damages; and

 F. For costs, expenses and attorney's fees; and

 G. All remedies provided for in 28 C.F.R. 36.501(a) and (b); and

 H. All other relief susceptible of proof based on the allegations.

### COUNT TWO
Negligence and Negligence Per Se

39. Plaintiff realleges all allegations heretofore set forth.

40. Defendant owed Plaintiff a duty to remove ADA accessibility barriers so that Plaintiff as a disabled individual would have full and equal access to the public accommodation.

41. The ADA is a civil rights legislative pronouncements while the enforceable implementing regulation are safety pronouncements. *See,* e.g. 28 C.F.R. 36 and 2010 Standards for Accessibility Design.

42. Every time that Plaintiff is required to negotiate a non-compliant element in Defendant's Hotel, Plaintiff suffers pain and physical discomfort that the regulation is designed to prevent.

43. Plaintiff personally experienced the violations of enforceable implementing regulations and personally experienced paid, discomfort and suffering as a result of Defendant's violations of implementing regulations.

44. Plaintiff suffered physical and emotional damages in an amount to be proven at trial but in no event less than $35,000.00.

45. The implementing regulations were designed for the specific purpose of preventing, in part, the types of injuries suffered by Plaintiff.

46. Defendant breached this duty.

47. Defendant's knowing, and intentional discrimination has worked counter to our Nation's goals enumerated in 42 U.S.C. 12101(a), causing Plaintiff injury.

48. By engaging in negligent conduct described herein, Defendant engaged in intentional, aggravated and outrageous conduct.

49. Defendant either intended to cause injury to Plaintiff or defendant consciously pursued a course of conduct knowing that it created a substantial risk of significant harm to Plaintiff.

50. Defendant is liable to Plaintiff for punitive damages in an amount to be proven at trial sufficient, however, to deter this Defendant and others similarly situated from pursuing similar acts, and in no event less than $135,000.00.

**WHEREFORE,** Plaintiff prays for relief as follows:

    A. For finding of negligence; and

    B. For damages in the amount of no less than $35,000.00; and

    C. For punitive damages in the amount of no less than $135,000.00; and

    D. For such other and further relief as the Court may deem just and proper.

## COUNT THREE
### Negligent Misrepresentation

51. Plaintiff realleges all allegations heretofore set forth.

52. Defendant failed to exercise reasonable care or competence in obtaining or communicating the information regarding ADA compliance to Plaintiff through its booking website as alleged above.

53. Defendant hotel supplied false information to Plaintiff for guidance in Plaintiff's business transaction, to wit: the renting of a hotel room.

54. Defendant's false statement was made in the course of Defendant's business in which Defendant has a pecuniary interest, to wit: renting of rooms.

55. Plaintiff justifiably relied on Defendant's false representation.

56. Plaintiff has suffered pecuniary losses as a result of his reliance on Defendant's false information regarding ADA compliance, to wit: he spent time, effort and resources in an amount to be proven at trial, but in no event less than $35,000.00.

57. Defendant either intended to cause injury to Plaintiff or defendant consciously pursued a course of conduct knowing that it created a substantial risk of significant harm to Plaintiff.

58. Defendant is liable to Plaintiff for punitive damages in an amount to be proven at trial sufficient, however, to deter this Defendant and others similarly situated from pursuing similar acts, but in no event less than $135,000.00.

**WHEREFORE,** Plaintiff prays for relief as follows:

    A. For finding of negligent misrepresentation; and

    B. For damages in an amount requested; and

    C. For punitive damages in the amount requested; and

    D. For such other and further relief as the Court may deem just and proper.

## COUNT FOUR
### Failure to Disclose

59. Plaintiff realleges all allegations heretofore set forth.

60. Defendant was under a duty to Plaintiff to exercise reasonable care to disclose matters required to be disclosed pursuant to 28 C.F.R. 36.302(e)(1)(ii) as more fully alleged above.

61. Defendant was under a duty to disclose matters to Plaintiff that Defendant knew were necessary to be disclosed to prevent Plaintiff to be misled by partial disclosures of ADA compliance as more fully alleged above.

62. The compliance with the ADA is a fact basic to the transaction.

63. Defendant failed to make the necessary disclosures.

64. As a direct consequence of Defendant's failure to disclose, Plaintiff visited the hotel, but is deterred from booking a room because of its non-compliance with the ADA.

65. Plaintiff has been damaged by Defendant's non-disclosure in an amount to be proven at trial, but in no event less than $135,000.00.

66. Defendant either intended to cause injury to Plaintiff or defendant consciously pursued a course of conduct knowing that it created a substantial risk of significant harm to Plaintiff.

67. Defendant is liable to Plaintiff for punitive damages in an amount to be proven at trial sufficient, however, to deter this Defendant and others similarly situated from pursuing similar acts but in no event less than $135,000.00

**WHEREFORE,** Plaintiff prays for relief as follows:

    A. For finding of that Defendant failed to disclose information; and

    B. For damages in the amount requested; and

    C. For punitive damages in the amount requested; and

    D. For such other and further relief as the Court may deem just and proper.

**COUNT FIVE**
Common Law and Statutory Fraud

68. Plaintiff realleges all allegations heretofore set forth.

69. Defendant made representation(s) as alleged in Table 2 above.

70. The representation(s) were material.

71. The representation(s) were false.

72. Defendant knew that the representation(s) were false or was ignorant to the truth or falsity thereof.

73. Defendant intended that Plaintiff rely on the false representation(s).

74. Plaintiff reasonably relied on the misrepresentation(s).

75. Plaintiff has a right to rely on the misrepresentation(s).

76. Plaintiff was consequently and proximately damaged by Defendant's misrepresentation(s).

77. Defendant's misrepresentation(s) were made in connection with the sale or advertisement of merchandise with the intent that Plaintiff rely on it.

78. Renting of hotel rooms is "merchandise" as this term is defined in A.R.S. §44-1521(5).

79. Plaintiff suffered an injury resulting from the false misrepresentation(s) and was damaged thereby in an amount of no less than $35,000.00.

80. Defendant either intended to cause injury to Plaintiff or defendant consciously pursued a course of conduct knowing that it created a substantial risk of significant harm to Plaintiff.

81. Defendant is liable to Plaintiff for punitive damages in an amount to be proven at trial sufficient, however, to deter this Defendant and others similarly situated from pursuing similar acts but in no event less than $235,000.00.

**WHEREFORE,** Plaintiff prays for relief as follows:

    A. For finding of that Defendant failed to disclose information; and

    B. For damages in the amount requested; and

    C. For punitive damages in the amount requested; and

    D. For such other and further relief as the Court may deem just and proper.

**COUNT SIX**
Consumer Fraud – Brand Deceit

82. Plaintiff realleges all allegations made above.

83. Hotels, motels and other places of lodging have developed a system of deceptive self-identification through the purchase and use of nationally recognizable brand names such as "Holiday Inn", "Hilton", "Motel 6", "Marriott" in order to hide the true ownership and operational management of the hotel or motel.

84. One way this deceptive self-identification is communicated to the guests and potential guests is through actual identification on the property itself. For example, Defendant Pro Hospitality identifies itself as GreenTree Inn at the entrance to the Hotel:



85. Pro Hospitality is not GreenTree Inn. It is Pro Hospitality. The misidentification is necessary because general public, including Plaintiff, identify GreenTree In properties with a higher degree of lodging standard and general integrity than Pro Hospitality.

86. Another way Defendant misidentifies itself is thorough its booking website:





87. Yet other ways the Hotel misidentifies itself as through business card of the Hotel management:



88. The intent and purpose of this deceptive self-identification is to mislead the lodging public into believing that they are booking a hotel  room at a national brand name property when they are in fact booking a room with an unknown owner and an unknown operator. Plaintiff justifiably relied on Pro Hospitality 's false self-identification to his damage.

89. Plaintiff suffered an injury resulting from the false misrepresentation(s) and was damaged thereby in an amount of no less than $35,000.00.

90. Defendant either intended to cause injury to Plaintiff or defendant consciously pursued a course of conduct knowing that it created a substantial risk of significant harm to Plaintiff.

91. Defendant is liable to Plaintiff for punitive damages in an amount to be proven at trial sufficient, however, to deter this Defendant and others similarly situated from pursuing similar acts but in no event less than $135,000.00.

**WHEREFORE,** Plaintiff prays for relief as follows:

    A.  For finding of that Defendant failed to disclose information; and

    B.  For damages in the amount requested; and

    C.  For punitive damages in the amount requested; and

    D.  For such other and further relief as the Court may deem just and proper.

**COUNT SEVEN**
Civil Conspiracy

92. Plaintiff realleges all allegations heretofore set forth.

93. Greentree is the owner of the "GreenTree Inn" brand name.

94. Greentree and Pro Hospitality knew, at all times relevant hereto, that the Greentree brand has positive reputation, while Pro Hospitality has no reputation.

95. Public's perception of Pro Hospitality is wholly derivative of the reputation of Greentree.

96. Greentree and Pro Hospitality also knew, at all relevant times, that Pro Hospitality would sell more rooms if it sold the rooms under the name Greentree and not Pro Hospitality.

97. Pro Hospitality paid Greentree for the use of its brand name GreenTree Inn.

98. Greentree and Pro Hospitality structured their relationship so that Plaintiff and the public would believe that Greentree operates the Hotel, while at the same time they knew that Greentree was not the operator and would not be considered an operator of the Hotel and thereby not subject to ADA liability.

99. Greentree further provided Pro Hospitality with a booking platform on Greentree's website and agreed, expressly or implicitly, that HPTRI misrepresent its accessibility features thereon.

100.   Greentree and Pro Hospitality also knew that the use of Greentree's brand name and the misrepresentations on the Greentree's website would mislead the traveling public into believing that they were dealing with a reputable national lodging chain when in fact they are dealing with an unknown person or entity with no reputation and that the website disclosures ere truthful.

101.   It was for these reasons that Greentree and Pro Hospitality agreed that the Hotel would market its rooms under the name of Greentree.

102.   The agreement between Defendants assured that Greentree would (1) receive compensation for its part of the brand deceit and (2) avoid ADA liability Pro Hospitality would reap the benefits of greater sales caused by Defendants' brand deceit.

103.   Defendants agreed to falsely market the Hotel as a "GreenTree Inn" in order to misled the public, including Plaintiff.

104.   Plaintiff believed he was dealing with Greentree when in fact he was dealing with an unknown entity.

105.   Defendants Greentree and Pro Hospitality agreed to accomplish an unlawful purpose, the sale of rooms under deceptive brand, and did so by unlawful means.

106.   Defendants Greentree and Pro Hospitality agreed to accomplish an unlawful purpose, the sale of rooms to the disabled travelers with false accessibility information, and did so by unlawful means.

107.   Plaintiff suffered an injury resulting from Defendants' brand deceit and their agreement to accomplish it in a manner described above and was damaged thereby in an amount of no less than $35,000.00.

108.   Defendants either intended to cause injury to Plaintiff or defendant consciously pursued a course of conduct knowing that it created a substantial risk of significant harm to Plaintiff.

109.   Defendants are liable to Plaintiff for punitive damages in an amount to be proven at trial sufficient, however, to deter these Defendants and others similarly situated from pursuing similar acts but in no event less than $235,000.00.

**WHEREFORE,** Plaintiff prays for relief as follows:

    A.  For finding of that Defendants committed a civil conspiracy; and

    B.  For damage as prayed for above; and

    C.  For damages in the amount requested; and

    D.  For punitive damages in the amount requested; and

    E.  For such other and further relief as the Court may deem just and proper.

**COUNT EIGHT**
Civil Aiding and Abetting

110.   Plaintiff realleges all allegations heretofore made.

111.   Defendant Greentree aided and abetted Defendant Pro Hospitality brand deceit by:

    a.  Providing the Greentree signage on the physical Hotel building; and

    b.  Maintaining a booking website that does not disclose the true ownership and operator of the Hotel; and

    c.  Issuing reservation confirmations in the name of Greentree in order to conceal the true ownership and operations; and

    d.  Otherwise assuring that the true name of the owner of the Hotel appears nowhere on its disclosures, websites, booking websites, telephonic identification, physical signage or anywhere else; and

    e.  Providing a website platform upon which Defendant Pro Hospitality advertised its rooms with false and misleading accessibility disclosures.

112.   Greentree aided and abetted Pro Hospitality in providing Pro Hospitality with a website platform in which Pro Hospitality committed misrepresentations relating to accessibility.

113.   Plaintiff suffered an injury resulting from Greentree's aiding and abetting brand deceit in an amount of no less than $35,000.00.

114.   Defendants either intended to cause injury to Plaintiff or defendant consciously pursued a course of conduct knowing that it created a substantial risk of significant harm to Plaintiff.

115.   Defendants are liable to Plaintiff for punitive damages in an amount to be proven at trial sufficient, however, to deter these Defendants and others similarly situated from pursuing similar acts but in no event less than $235,000.00.

**WHEREFORE,** Plaintiff prays for relief as follows:

A. For finding of that Defendant Greentree committed civil aiding and abetting; and

B. For damage as prayed for above; and

C. For punitive damages in the amount requested; and

D. For such other and further relief as the Court may deem just and proper

### PUNITIVE DAMAGES ENHANCEMENT ALLEGATIONS

116.   Plaintiff further alleges that:

a. Defendants' conduct was and continues to be reprehensible; and

b. Defendant's caused severe of the harm, i.e. segregation of persons with disabilities; and

c. Defendants segregated of Plaintiff from the rest of the traveling public; and

d.  The duration of Defendants' misconduct is over 30 years and

e. Defendants' were fully aware of their own illicit maintenance of the Hotel; and

f. Particularly where compensatory damages may be low, "the need for punishment or deterrence may be increased by reason of the very fact that the defendant will have no liability for compensatory damages". *Sanchez v. Clayton*, 117 N.M. 761, 767, 877 P.2d 567, 573 (1994) (citing to 1 Dan B. Dobbs, *Law of Remedies* § 3.11(10), at 515-16 (2d ed. 1993))).

117.   These factors recommend that only the most severe sanctions against Defendant Hotel will assure compliance with the ADA and integration of disabled individuals.

### REQUEST FOR TRIAL BY JURY

Plaintiff respectfully requests a trial by jury in issues triable by a jury.

RESPECTFULLY SUBMITTED this 8th day of September, 2020.

**PETER STROJNIK**

_____

Peter Strojnik
Plaintiff

# EXHIBIT "B"

Peter Strojnik
Pro Per
7847 N. Central Ave.
Phoenix, AZ 85020
(602) 524-6602



**IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**
**IN AND FOR THE COUNTY OF YAVAPAI**

**PETER STROJNIK,**

Plaintiff,

Case Number: V1300CV202080202

vs.

**DECLARATION OF SERVICE BY A**
**PRIVATE PROCESS SERVER**

**PRO HOSPITALITY ONE PV, LLC, et al,**

Defendant.

Received by Rush Hour Legal Service to be served on **PRO HOSPITALITY ONE PV, LLC.**

I, Douglass Burkhart, do hereby affirm that on the **12th day of September, 2020** at 6:15 pm, I:

served **PRO HOSPITALITY ONE PV, LLC** by delivering a true copy of the **Summons; Complaint; Certificate of Compulsory Arbitration** with the date and hour of service endorsed thereon by me, to: **ALEXANDRE RIZK (Statutory Agent)** at the address of: **5401 E. Everret Dr., Scottsdale, AZ 85254**, and informed said person of the contents therein, in compliance with state statutes.

**Description** of Person Served: Age: 45, Sex: M, Race/Skin Color: White, Height: 6'3", Weight: 210, Hair: Brown, Glasses: N

I, being fully qualified under ARCP 4(e) to serve process within the State of Arizona and having been so appointed by Maricopa County Superior Court, Declare under penalty of perjury that the foregoing is true and correct and was executed on the above date.

Douglass Burkhart
MC-8757

**Rush Hour Legal Service**
P.O. Box 30997
Mesa, AZ 85275
(480) 797-9483

Our Job Serial Number: RUL-2020001708
Service Fee: $75.00

Copyright © 1992-2020 Database Services, Inc. - Process Server's Toolbox V8.1g



# EXHIBIT "C"

Text Size: A A A

| Case Search | Minute Entry Search | Case Notification | Help |

Home / Case Search

## Public Access to Court Information

### Case Search

 Printer Friendly Version

<< return to search results

new case search >>

Case Information

| Case Number: | **V-1300-CV-202080202** | | |
|---|---|---|---|
| Title: | PETER STROJNIK vs PRO HOSPIT | Category: | Civil |
| Court: | Yavapai County Superior | Filing Date: | 9/8/2020 |
| Judge: | | Disposition Date: | |

**GREENTREE INNS HOTEL MANAGEMENT GROUP, INC.**   DEFENDANT  - D 2

**PRO HOSPITALITY ONE PV, LLC**   DEFENDANT  - D 1

**PETER STROJNIK**   PLAINTIFF  - P 1

Case Activity

| Date | Description | Party |
|---|---|---|
| 9/15/2020 | SERVICE: Return of Service | P 1 |
| 9/14/2020 | SERVICE: Proof of Service | P 1 |
| 9/8/2020 | COMPLAINT: Complaint | P 1 |
| 9/8/2020 | ARBITRATION: CERTIFICATE OF COMPULSORY ARBITRATION - IS NOT | P 1 |
| 9/8/2020 | INDICATOR: DISCOVERY TIER 2 | P 1 |
| 9/8/2020 | SUMMONS: SUMMONS | P 1 |
| 9/8/2020 | SUMMONS: SUMMONS | P 1 |

### Document Search

For access to criminal and civil court documents in the Superior Court visit the eAccess portal.
For more information about the eAccess portal please visit: https://www.azcourts.gov/eaccess.

**NOTES:**
**Internet Explorer 10 Users: Case details will not display properly unless you switch to Compatibility View. How?**
**The following case types are excluded from search results:** sealed cases, cases involving un-served Orders of Protection, mental health and probate cases, victim and witness data. Juvenile incorrigible/delinquency case information also cannot be viewed on this website; however other types of cases in which juveniles are parties, such as traffic cases, may be displayed. Certain administrative functions carried out by superior court clerk's offices in each county are not included in this website, such as passport application processing and private process server registration. **Charges stemming from local ordinance violations are not included.**

**Please be aware of the following limitations of the case records displayed:**
• The information may not be a current, accurate, or complete record of the case.
• The information is subject to change at any time.
• The information is not the official record of the court.
• Not all cases from a participating court may be included.
• The information should not be used as a substitute for a thorough background search of official public records.

**The user is responsible for verifying information provided on this website against official court information filed at the court of record.** Use of this website shall indicate agreement by the user that the

# EXHIBIT "1"

Person/Attorney Filing:  Peter Strojnik
Mailing Address:  7847 N. Central Avenue
City, State, Zip Code:  Phoenix AZ 85020
Phone Number:
E-Mail Address: ps@strojnik.com
[☒] Representing Self, Without an Attorney
(If Attorney) State Bar Number:

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
IN AND FOR THE COUNTY OF Yavapai

Peter Strojnik
Plaintiff(s),
v.                                                        Case No.     V1300CV202080202
Pro Hospitality One PV, LLC et al
Defendant(s).                                       **SUMMONS**

To:  Pro Hospitality One PV, LLC

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT
AFFECTS YOUR RIGHTS.  READ THIS SUMMONS CAREFULLY. IF YOU DO
NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1.  A lawsuit has been filed against you. A copy of the lawsuit and other court papers were
    served on you with this Summons.

2.  If you do not want a judgment taken against you without your input, you must file an
    Answer in writing with the Court, and you must pay the required filing fee. To file your
    Answer, take or send the papers to Clerk of the Superior Court, 2840 Commonwealth
    Drive Camp Verde AZ 86322 or electronically file your Answer through one of Arizona's
    approved electronic filing systems at http://www.azcourts.gov/efilinginformation.
    Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top
    of this Summons.
    Note: If you do not file electronically you will not have electronic access to the documents
    in this case.

3.  If this Summons and the other court papers were served on you within the State of
    Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the
    date of service, not counting the day of service. If this Summons and the other court papers
    were served on you outside the State of Arizona, your Answer must be filed within
    THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of
    service.

    Requests for reasonable accommodation for persons with disabilities must be made to

the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of <u>Yavapai</u>

SIGNED AND SEALED this date:*September 8, 2020*

*DONNA McQUALITY*
Clerk of Superior Court

By:*MBURNETT*
Deputy Clerk



2

# EXHIBIT "2"

Person/Attorney Filing:  Peter Strojnik
Mailing Address:  7847 N. Central Avenue
City, State, Zip Code:  Phoenix AZ 85020
Phone Number:
E-Mail Address: ps@strojnik.com
[☒] Representing Self, Without an Attorney
(If Attorney) State Bar Number:

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF Yavapai

Peter Strojnik
Plaintiff(s),
v.

Pro Hospitality One PV, LLC et al
Defendant(s).

Case No.    V1300CV202080202

**SUMMONS**

To:  Greentree Inns Hotel Management Group, Inc.

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT
AFFECTS YOUR RIGHTS.  READ THIS SUMMONS CAREFULLY. IF YOU DO
NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1.  A lawsuit has been filed against you. A copy of the lawsuit and other court papers were
    served on you with this Summons.

2.  If you do not want a judgment taken against you without your input, you must file an
    Answer in writing with the Court, and you must pay the required filing fee. To file your
    Answer, take or send the papers to Clerk of the Superior Court, 2840 Commonwealth
    Drive Camp Verde AZ 86322 or electronically file your Answer through one of Arizona's
    approved electronic filing systems at http://www.azcourts.gov/efilinginformation.
    Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top
    of this Summons.
    Note: If you do not file electronically you will not have electronic access to the documents
    in this case.

3.  If this Summons and the other court papers were served on you within the State of
    Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the
    date of service, not counting the day of service. If this Summons and the other court papers
    were served on you outside the State of Arizona, your Answer must be filed within
    THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of
    service.

    Requests for reasonable accommodation for persons with disabilities must be made to

the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of <u>Yavapai</u>

SIGNED AND SEALED this date:*September 8, 2020*

*DONNA McQUALITY*
Clerk of Superior Court

By:*MBURNETT*
Deputy Clerk



2

# EXHIBIT "3"

FILED
DONNA McQUALITY
CLERK. SUPERIOR COURT
09/08/2020  2:05PM
BY: MBURNETT
DEPUTY

Case No.: V1300CV202080202
HON. CHRISTOPHER KOTTKE

1
2   Peter Strojnik,
3   7847 N. Central Ave.
    Phoenix, AZ 85020
4   Telephone:  (602) 524-6602
    ps@strojnik.com

5           **YAVAPAI COUNTY SUPERIOR COURT**

6                   **STATE OF ARIZONA**

7                                        | Case No:
8                                        |
    Peter Strojnik,                      |    **CERTIFICATE OF**
9                                        |    **COMPULSORY**
                          Plaintiff,     |    **ARBITRATION**
10
11
12              vs.
13
14   Pro Hospitality One PV, LLC dba
     Greentree Inn of Prescott; Greentree Inns
15   Hotel Management Group, Inc.,
16
                          Defendants.
17

18       I certify that the above cause is not subject to compulsory arbitration pursuant to

19   Rules 72-77 of the Rules of Civil Procedure.

20       DATED this 8th day of September, 2020.

21

22              **PETER STROJNIK**

23

24              _____
                Peter Strojnik
25              Plaintiff

26

27

28

# EXHIBIT "4"

FILED
DONNA McQUALITY
CLERK, SUPERIOR COURT
09/08/2020  2:05PM
BY: MBURNETT
DEPUTY

Case No.: V1300CV202050202
HON. CHRISTOPHER KOTTKE

Peter Strojnik,
7847 N. Central Avenue
Phoenix, Arizona 85020
Telephone:  (602) 524-6602
ps@strojnik.com

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF YAVAPAI

|  |  |
|---|---|
| Peter Strojnik,<br><br>Plaintiff,<br><br>vs.<br><br>Pro Hospitality One PV, LLC dba Greentree Inn of Prescott; Greentree Inns Hotel Management Group, Inc.<br><br>Defendants. | Case No:<br><br>**COMPLAINT**<br><br>**1.  Americans with Disabilities Act**<br>**2.  Negligence**<br>**3.  Negligent Misrepresentation**<br>**4.  Failure to Disclose**<br>**5.  Common Law Fraud / Consumer Fraud**<br>**6.  Consumer Fraud – Brand Deceit**<br>**7.  Civil Conspiracy to Commit Fraud**<br>**8.  Aiding and Abetting**<br><br>**JURY TRIAL REQUESTED** |

## NATURE OF THE CASE

1. Segregation of the disabled is the last of the collectively acceptable discrimination. Discrimination is highly prevalent in the lodging industry.

2. Despite the collectively acceptable discrimination, however, Plaintiff is entitled to full and equal enjoyment of lodging services and facilities, 42 U.S.C. §12182(a). His right to equal and full participation in the benefits and services in lodging facilities is inviolate.

3. The lodging industry is subject to specific accessibility disclosure requirements under 28 C.F.R. 36.302(e)(1)(ii), and specific architectural accessibility requirements pursuant to the ADA Accessibility Guidelines ("ADAAG").

4. Hotels, motels and other places of lodging have developed a system of deceptive self-identification through the use of purchased brand names such as "Holiday Inn" and "DoubleTree by Hilton"  while at the same time concealing the true identity of the hotel owners and operators. The intent and purpose of this deceptive identification is to mislead the lodging public into believing that they are booking a hotel  room at a national brand name property when they are in fact booking a room with an unknown owner and an unknown operator.

5. The misidentification of the brand name "operator" or "owner" instead of the actual operator or owner benefits the actual operator or owner in its marketing efforts, but does not fall within to the legal definition of the "operator" under the ADA.

6. Some hotels, motels and other places of lodging have developed a system of booking website accessibility disclosures that disclose certain accessible features but also describe other features that are not accessible. The effect of admissions of non-accessibility is to deter the disabled from lodging there.

7. Where a place of lodging limits a disabled person's access to particular features, such limitation represents a prohibited eligibility criteria pursuant to 28 C.F.R. 36.301 because, "while not creating a direct bar to individuals with disabilities, indirectly prevent or limit their ability to participate".

8. Therefore, Plaintiff brings this action against Defendants alleging:

   a. Violations of 28 C.F.R. 36.302(e)(1)(ii) and the ADAAG and corresponding negligence against Defendant Pro Hospitality One PV ("Pro Hospitality"); and

   b. Violations of common law and statutory consumer protection laws against Pro Hospitality; and

   c. Brand deceit for deceptive self-identification against Pro Hospitality; and

   d. Civil Conspiracy against Pro Hospitality and Greentree; and

   e. Civil Aiding and Abetting against Greentree related to (i) Pro Hospitality 's use of Greentree's website platform to provide incorrect and deceptive accessibility information and (2) for assisting Pro Hospitality in its deceptive self-identification.

2

**PARTIES**

9.  Plaintiff is a retired veteran and a disabled person as defined by the 2008 ADA Amendment Act, 28 C.F.R. 36.105 all as more fully developed below.

10. Defendant Pro Hospitality owns, operates leases or leases to a lodging business located at 7875 East State Route 69, Prescott Valley, AZ 86314 ("Hotel").

11. Defendant Greentree Inns Hotels Management Group ("Greentree") is a lodging and franchising chain and the direct or indirect owner of the brand "Greentree".

**JURISDICTION AND VENUE**

12. Superior Court has jurisdiction over this case or controversy by virtue of A.R.S. § 12-123. Venue is proper pursuant to A.R.S. § 12-401.

13. This Court has continuing subject matter jurisdiction by virtue of, *inter alia,* Plaintiff's claim for equitable nominal damages.

14. The ADA violations documented below relate constitute barriers to Plaintiff equal enjoyment of defendant's Hotel by virtue of the limitations of major life activities described in Table 1 below, that is, walking, standing, sitting, bending, sleeping, working, performing manual tasks, reaching, grasping, lifting, climbing, kicking, pushing, opening doors, twisting the wrist, shoulder and elbows, and working in a manner understood by the application of common sense, e.g., in improperly configured handrail relates to Plaintiff's walking and grasping while an improperly configured staircase relates to his walking and climbing impairments[1].

15. These barriers impair Plaintiff's full and equal access to the Hotel.

16. Plaintiff is deterred from visiting the Hotel based on Plaintiff's knowledge that the Hotel is not ADA compliant as such compliance relates to Plaintiff's disability. However, Plaintiff intends to return to the Hotels periodically to test them for ADA compliance. Plaintiff's current intent is to return to the Hotels to lodge there or to test their accessibility within a year's time.

---

[1] These are merely examples of the application of common sense; the referenced violations were not necessarily encountered at Defendant's Hotel. The actual barriers are photographically documented elsewhere in this Complaint. Each photograph has a description of the violation in common everyday language which relates to one or more of the limited life activities described above.

3

17. Plaintiff intends to visit the Hotels at a specific time when they become fully compliant with ADAAG; just as a disabled individual who intends to return to a noncompliant Hotel suffers an imminent injury from the Hotel's existing or imminently threatened noncompliance with the ADA, a plaintiff who is deterred from patronizing a hotel suffers the ongoing actual injury of lack of access to the Hotel.

## PLAINTIFF'S DISABILITIES AS DEFINED BY THE 2008 ADA AMENDMENT ACT AND 28 C.F.R. 36.105

18. At all times relevant hereto, Plaintiff suffered from the following physical disabilities: prostate cancer, genitourinary impairment, renal cancer, severe right-sided neural foraminal stenosis with symptoms of femoral neuropathy, missing right knee ameliorated with a prosthesis, limitation on the use of both shoulders, elbows and wrists, pleurisy, hyper blood pressure.

19. Plaintiff's physical infirmities alleged above do both of the following:

   a. Affect neurological, musculoskeletal, respiratory, cardiovascular, reproductive and genitourinary body systems; and

   b. Limit, without regard to mitigated or unmitigated measures, active or inactive state, remissive or non-remissive condition, the following major life activities: walking, standing, sitting, bending, sleeping, working, climbing stairs, kicking, jumping, twisting body, running, reaching, lifting, writing, working, twisting the wrist, shoulder and elbows, grasping, pushing, opening doors, breathing, getting in and out of a car, working, carrying stuff and other major life activities.

20. Plaintiff has a history of impairments stated in the preceding paragraph.

21. Plaintiff is regarded as having a physical conditions that limit major life activities.

22. Because of Plaintiff's disabilities, he requires the use of lodging facilities that are accessible to him and have the standard accessibility features of the construction related accessibility standards including those required by 42 U.S.C. Sec. 12101 et seq., 28 C.F.R. Part 36, the relevant Standards for Accessibility Design, as such laws and regulations relate to walking, standing, sitting, bending, sleeping, working,

1  climbing stairs, kicking, jumping, twisting body, running, reaching, lifting, writing,

2  working, twisting the wrist, shoulder and elbows, grasping, pushing, opening doors,

3  breathing, getting in and out of a car, carrying stuff and working.

4  23. Plaintiff has been declared disabled and has been issued a government

5  disability placard reproduced in the margin.



6  24. The following Table 1 indicates the relationship between Plaintiff's ADA

7  disabilities and major life activities:

8  **RELATION BETWEEN PLAINTIFF'S ADA DISABILITY AND MAJOR LIFE ACTIVITIES**

| DESCRIPTION | DISABILITY | | | RELATION | |
| | DISABILITY PRONG | | | MAJOR LIFE ACTIVITY | 28 C.F.R. 36 REFERENCE |
| | Impairment | History Of | Reg'ed As | | |
|---|---|---|---|---|---|
| Prostate Cancer And Genitourinary Impairment | x | x | x | Abnormal cell growth, genitourinary, bladder, reproductive functions. | (c)(1)(ii) (d)(1)(iv) (d)(1) (v) (d)(1) (vi) (d)(1)(viii) (d)(2)((iii)(F) (e)(1)(2) (f)(1) |
| Renal Cancer | x | x | x | Abnormal cell growth, midsection twisting, turning, general movement. | (c)(1)(ii) (d)(1)(iv) (d)(1)(v) (d)(1)(vi) (d)(1)(viii) (d)(2)((iii)(F) (e)(1)(2) (f)(1) |
| Severe Right-Sided Neural Foraminal Stenosis With Symptoms Of Femoral Neuropathy | x | x | x | Walking, standing, sitting, bending, sleeping, working, climbing stairs, kicking, jumping, twisting body, running, climbing, carrying stuff and other major life activities | (c)(1)(i) (d)(1)(iv) (d)(1)(v) (d)(1)(vi) (d)(1)(viii) (d)(2)(iii)(D) (e)(1)(2) (f)(1) |
| Partially Missing Limb - Missing Right Knee | x | x | x | Walking, standing, sitting, bending, walking, sleeping, | (c)(1)(i) (d)(1)(iv) (d)(1)(v) |

| | | | | working, climbing stairs, kicking, jumping, running, twisting knee, carrying stuff, and other major life activities. | (d)(1)(vi) (d)(1)(viii) (d)(2)((iii)(D) (e)(1)(2) (f)(1) |
|---|---|---|---|---|---|
| Limitation On The Use Of Both Shoulders, Elbows And Wrists | x | x | x | Performing manual tasks, sleeping, reaching, lifting, writing, working, twisting the wrist, shoulder and elbows, grasping, pushing, opening doors, carrying stuff and working. | (c)(1)(i) (d)(1)(iv) (d)(1)(v) (d)(1)(vi) (d)(1)(viii) (e)(1)(2) (f)(1) |
| Pleurisy | x | x | x | Performing manual tasks, sleeping, walking, reaching, lifting, writing, working, carrying stuff, or physically functioning on any level. | (c)(1)(i) (d)(1)(iv) (d))1)(v) (d))1)(vi) (d)(2)((iii)(D) (e)(1)(2) (f)(1) |
| **Table 1** | | | | | |

25. Plaintiff has been declared permanently disabled by the Arizona Department of Transportation and is, therefore "regarded as" being disabled. The disabled placard reproduced in the margin above entitles him to preferential parking, stopping and the use of passenger loading / drop of zone areas.

26. In their unmitigated, active state, Plaintiff's impairments require the use of a wheelchair as defined in 28 C.F.R. 36.104.

27. Plaintiff incorporates the entirety of 28 C.F.R. 36 and the Standards for Accesibility Design into this Complaint as if fully stated herein.

**PLAINTIFF'S ADA REQUIREMENTS FOR FULL AND EQUAL ENJOYMENT OF A HOTEL**

28. With respect to the disclosures required by 28 C.F.R. 36.302(e)(1)(ii) **and** with respect to the removal of actual, physical or architectural barriers to accessibility, Plaintiff alleges:

a. Plaintiff is ADA disabled as described above. The relationship between Plaintiff's impairments and major life activities is described in Table 1.

b. Plaintiff's impairments are substantially limiting as this term is defined in the 2008 ADA Amendment Act and interpreted in 28 C.F.R. 36.105.

c. Plaintiff alleges that the provisions of the 2008 ADA Amendment Act and 28 C.F.R. 35.105 relating to (1) ameliorative effects of mitigating measures (2) episodic impairments, (3) remissive impairments, (4) predictable assessments and (5) the interpretative definition of "substantially limiting" apply to Plaintiff.

d. Because of and based on Plaintiff's impairments described above, Plaintiff requires a place of lodging  where he desires to book a room to both:

   1. Identify and describe accessible features and guest rooms offered through its reservations service in sufficient detail to permit Plaintiff assess independently whether Defendant's Hotel and guest rooms meet Plaintiff's accessibility needs; and

   2. Remediate architectural accessibility barriers that relate to Plaintiff's impairments.

e. The identification of accessible features at the hotel through a hotel's reservation service is required because without such information, Plaintiff is unable to assess independently whether a hotel's condition meets Plaintiff's needs.

f. The remediation of architectural accessibility barriers as they relate to Plaintiff's impairments is required because any encounter with architecturally inaccessible elements causes Plaintiff discomfort and pain when using, negotiating, overcoming or otherwise encountering such barriers.

g. As a result, Plaintiff requires a hotel's booking services to disclose, and the hotel to remediate, all of the following accessibility requirements of the applicable Standards for Accessibility Design[2]:

(i) Operable parts [205[3], 309, 404,] such as doors, door opening and closing hardware, AC controls. An encounter with a non-compliant operable part causes Plaintiff to experience pain and discomfort when using, negotiating, overcoming or otherwise encountering such a barrier and deprive him of full and equal enjoyment of the hotel.

(ii) Knee and toe clearances [306] at counters, bars etc. An encounter with a non-compliant knee and toe clearance causes Plaintiff to experience pain and discomfort when using, negotiating, overcoming or otherwise encountering such a barrier and deprive him of full and equal enjoyment of the hotel.

(iii) Reach ranges [308] in sales stores and other elements. An encounter with a non-compliant reach range causes Plaintiff to experience pain and discomfort when using, negotiating, overcoming or otherwise encountering such barriers and deprive him of full and equal enjoyment of the hotel.

(iv) Accessible routes [402]. An encounter with a non-compliant accessible route causes Plaintiff to experience pain and discomfort when using, negotiating, overcoming or otherwise encountering such a barrier and deprive him of full and equal enjoyment of the hotel.

(v) Walking surfaces [403] on accessible routes. An encounter with a non-compliant walking surfaces causes Plaintiff to experience pain and discomfort when using, negotiating, overcoming or otherwise encountering such a barrier and deprive him of full and equal enjoyment of the hotel.

---

[2] These requirements are based on Plaintiff's disability as defined in the 2008 ADA Amendment Act and 28 C.F.R. 36.105 in their active, inactive, remissive, non-remissive, mitigated or unmitigated states.

[3] Bracketed numbers refer to Standards for Accessibility Design.

8

(vi)    Parking spaces, passenger loading ones, stairways and handrails [501, 502, 503, 504, 505]. An encounter with a non-compliant parking facilities, stairways and handrails causes Plaintiff to experience pain and discomfort when using, negotiating, overcoming or otherwise encountering such barriers and deprive him of full and equal enjoyment of the hotel.

(vii)   Toilet and bathing rooms, water closets and toilet compartments, lavatories and sinks, bathtubs, shower compartments, grab bars, seats, washing machines, clothes dryers and saunas and steam rooms [602, 603, 604, 606, 607, 608, 609, 610, 611 and 612]. An encounter with a non-compliant toilet and bathing rooms, water closets and toilet compartments, lavatories and sinks, bathtubs, shower compartments, grab bars, seats, washing machines, clothes dryers and saunas and steam rooms cause Plaintiff to experience pain and discomfort when using, negotiating, overcoming or otherwise encountering such barriers and deprive him of full and equal enjoyment of the hotel.

(viii)  Transient lodging guest rooms [806]. An encounter with a non-compliant transient lodging guest room causes Plaintiff to experience pain and discomfort when using, negotiating, overcoming or otherwise encountering such a barrier and deprive him of full and equal enjoyment of the hotel.

(ix)    Dining surfaces and work surfaces, benches, check out isles and sales and service counters [902, 903, 904]. An encounter with a non-compliant dining surfaces and work surfaces, benches, check out isles and sales and service counters cause Plaintiff to experience pain and discomfort when using, negotiating, overcoming or otherwise encountering such barriers and deprive him of full and equal enjoyment of the hotel.

(x) Swimming pools and saunas [1009]. An encounter with non-compliant swimming pools or saunas causes Plaintiff to experience pain and discomfort when using, negotiating, overcoming or otherwise encountering such barriers and deprive him of full and equal enjoyment of the hotel.

9

29. Plaintiff reviewed Defendant's booking website to determine whether it "identif[ies] and describe[s] accessible features and guest rooms offered through its reservations service in sufficient detail to assess independently whether [Defendant's Hotel or guest room] meet [Plaintiff's] accessibility needs".

30. The reproduction of relevant booking websites in Table 2 below demonstrates a failure to identify and describe accessible features and guest rooms offered through its reservations service in sufficient detail to permit Plaintiff to assess independently whether Defendant's Hotel or guest room meet Plaintiff's accessibility needs:

---

**28 C.F.R. 36.302(e)(1)(ii) DISCLOSURES**
**http://www.greentreeinn.com/hotels/az/prescott-valley**

Your Best Value Stay
## Prescott Valley, Arizona

PRESCOTT VALLEY, ARIZONA

Set along State Route 69, our pet-friendly Prescott Valley hotel blends modern comfort with a contemporary western motif. Our family-friendly hotel neighbors venues like the Prescott Valley Event Center and rodeo arena, and is a gateway to attractions like historic downtown Prescott, the Phippen Museum and the World's Oldest Rodeo during Prescott Frontier Days.

Our non-smoking Prescott Valley hotel offers free parking, a business center, high-speed wireless internet, guest laundry and a Seasonal Outdoor Pool & Spa. Plus, there's ice and vending machines, all-day coffee, water refilling stations and a hot breakfast buffet.

For accessible features of this hotel, please visit to the Features page, and for accessible features of the rooms, please visit the Book Now page.

*ACCESSIBLE FEATURES*

- Accessible rooms
- Accessible elevators
- Accessible exercise facility
- Accessible guest rooms with mobility features with entry or passage doors that provide 32" of clear width
- Accessible meeting rooms

---

- Accessible parking
- Accessible parking spaces for cars in the self-parking facility
- Accessible public entrance /automated door opening
- Accessible registration desk
- Accessible route from the accessible public entrance to the accessible guestrooms
- Accessible route from the accessible public entrance to the registration area
- Accessible route from the hotel's accessible public entrance to the business center
- Accessible route from the hotel's accessible public entrance to the swimming pool / spa
- Accessible route from the hotel's accessible public entrance to the breakfast area
- Accessible swimming pool / spa
- Emergency instruction in pictorial form
- Emergency procedure for disabled guests
- Steps / staircases have handrails
- ADA compliant signage throughout buildings
- Assistive listening devices for meetings upon request
- Mid-height light switches and power outlets
- Lower hanging space in closet
- Braille room numbers
- Closed captioning on televisions or closed captioning decoders Grab bars alongside toilet
- Grab bars by tub
- Roll-in shower
- Level or ramp entrance into the building
- Public areas/facilities accessible for physically challenged
- Service support animals welcome
- Lift for swimming pool / spa access
- TTY for guest use

- Van-accessible parking in the self-parking facility
- Wheelchair ramp for lobby/reception access

**INSUFFICIENT NUMBER OF ACCESSIBLE ROOMS PER FRONT DESK**



| Table 224.2 Guest Rooms with Mobility Features (text version) | | | |
|---|---|---|---|
| Total Number of Guest Rooms Provided | Minimum Number of Required Rooms Without Roll-in Showers | Minimum Number of Required Rooms With Roll-in Showers | Total Number of Required Rooms |
| 76 to 100 | 4 | 1 | 5 |

**Table 2.**

31. The information disclosed on Hotel's Booking Website include the following misrepresentations of fact:

    a. That the Hotel has accessible self-parking. This representation is false as evidenced in Table 3 below.

    b. That Hotel has accessible parking spaces for cars in the self-parking facility. This representation is false as evidenced in Table 3 below.

    c. That the Hotel is otherwise accessible. This representation is false as evidenced in Table 3 below.

32. Plaintiff personally visited the Hotel and personally encountered the following photographically documented conditions at the Hotel. Below each photograph is a vernacular description of the barrier and how the barrier affected Plaintiff's impairments described above so as to deny him the 'full and equal' access that would satisfy the injury-in-fact requirement (i.e., that he personally suffered discrimination under the ADA on account of his disability).

### PERSONAL BARRIER ECOUNTERS



Identification.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



No accessibility to guest waiting area.



No marked passenger loading zone.



1. Insufficient Number of Accessible Parking
2. Slope too steep
3. Accessible parking not closest to entry



No handrails on ramp.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



Open risers throughout



Improperly configured handrails throughout

Inaccessible snack items.

**Identification of Specific Barrier in Plain Language:** As indicate below each photo.

**The date when Plaintiff encountered above described barriers and which deter Plaintiff from visiting the Facility:** On or about August 17, 2020.

## COUNT ONE
Americans with Disabilities Act

33. Plaintiff realleges all allegations heretofore made.

34. Defendant Pro Hospitality violated the ADA as documented above.

35. Plaintiff  is deterred from booking a room at the Hotel because the violations documented above are directly related to his disabilities by the application and use of common sense as suggested by the United States Supreme Court in *Ashcroft v. Iqbal,* 556 U.S. 662 (2009)

36. Each of the above conditions constitute a violation of the ADA and deprived Plaintiff of full and equal access and enjoyment of the Hotel.

37. The removal of barriers is readily achievable.

38. Plaintiff's injury will be redressed by the removal of barriers as requested below.

**WHEREFORE,** Plaintiff prays for all relief as follows:

    A. Relief described in 42 U.S.C. §2000a – 3; and

    B. Relief described in 42 U.S.C. § 12188(a) and (b) and, particularly -

    C. Injunctive relief order to alter Defendant's place of public accommodation to make it readily accessible to and usable by ALL individuals with disabilities; and

    D. Requiring the provision of an auxiliary aid or service, modification of a policy, or provision of alternative methods, to the extent required by Subchapter III of the ADA; and

    E. Equitable nominal damages; and

    F. For costs, expenses and attorney's fees; and

    G. All remedies provided for in 28 C.F.R. 36.501(a) and (b); and

    H. All other relief susceptible of proof based on the allegations.

### COUNT TWO
Negligence and Negligence Per Se

39. Plaintiff realleges all allegations heretofore set forth.

40. Defendant owed Plaintiff a duty to remove ADA accessibility barriers so that Plaintiff as a disabled individual would have full and equal access to the public accommodation.

41. The ADA is a civil rights legislative pronouncements while the enforceable implementing regulation are safety pronouncements. *See,* e.g. 28 C.F.R. 36 and 2010 Standards for Accessibility Design.

42. Every time that Plaintiff is required to negotiate a non-compliant element in Defendant's Hotel, Plaintiff suffers pain and physical discomfort that the regulation is designed to prevent.

43. Plaintiff personally experienced the violations of enforceable implementing regulations and personally experienced paid, discomfort and suffering as a result of Defendant's violations of implementing regulations.

44. Plaintiff suffered physical and emotional damages in an amount to be proven at trial but in no event less than $35,000.00.

45. The implementing regulations were designed for the specific purpose of preventing, in part, the types of injuries suffered by Plaintiff.

46. Defendant breached this duty.

47. Defendant's knowing, and intentional discrimination has worked counter to our Nation's goals enumerated in 42 U.S.C. 12101(a), causing Plaintiff injury.

48. By engaging in negligent conduct described herein, Defendant engaged in intentional, aggravated and outrageous conduct.

49. Defendant either intended to cause injury to Plaintiff or defendant consciously pursued a course of conduct knowing that it created a substantial risk of significant harm to Plaintiff.

50. Defendant is liable to Plaintiff for punitive damages in an amount to be proven at trial sufficient, however, to deter this Defendant and others similarly situated from pursuing similar acts, and in no event less than $135,000.00.

**WHEREFORE,** Plaintiff prays for relief as follows:

    A.  For finding of negligence; and

    B.  For damages in the amount of no less than $35,000.00; and

    C.  For punitive damages in the amount of no less than $135,000.00; and

    D.  For such other and further relief as the Court may deem just and proper.

## COUNT THREE
### Negligent Misrepresentation

51. Plaintiff realleges all allegations heretofore set forth.

52. Defendant failed to exercise reasonable care or competence in obtaining or communicating the information regarding ADA compliance to Plaintiff through its booking website as alleged above.

53. Defendant hotel supplied false information to Plaintiff for guidance in Plaintiff's business transaction, to wit: the renting of a hotel room.

54. Defendant's false statement was made in the course of Defendant's business in which Defendant has a pecuniary interest, to wit: renting of rooms.

55. Plaintiff justifiably relied on Defendant's false representation.

56. Plaintiff has suffered pecuniary losses as a result of his reliance on Defendant's false information regarding ADA compliance, to wit: he spent time, effort and resources in an amount to be proven at trial, but in no event less than $35,000.00.

57. Defendant either intended to cause injury to Plaintiff or defendant consciously pursued a course of conduct knowing that it created a substantial risk of significant harm to Plaintiff.

58. Defendant is liable to Plaintiff for punitive damages in an amount to be proven at trial sufficient, however, to deter this Defendant and others similarly situated from pursuing similar acts, but in no event less than $135,000.00.

**WHEREFORE,** Plaintiff prays for relief as follows:

    A. For finding of negligent misrepresentation; and

    B. For damages in an amount requested; and

    C. For punitive damages in the amount requested; and

    D. For such other and further relief as the Court may deem just and proper.

**COUNT FOUR**
Failure to Disclose

59. Plaintiff realleges all allegations heretofore set forth.

60. Defendant was under a duty to Plaintiff to exercise reasonable care to disclose matters required to be disclosed pursuant to 28 C.F.R. 36.302(e)(1)(ii) as more fully alleged above.

61. Defendant was under a duty to disclose matters to Plaintiff that Defendant knew were necessary to be disclosed to prevent Plaintiff to be misled by partial disclosures of ADA compliance as more fully alleged above.

62. The compliance with the ADA is a fact basic to the transaction.

63. Defendant failed to make the necessary disclosures.

64. As a direct consequence of Defendant's failure to disclose, Plaintiff visited the hotel, but is deterred from booking a room because of its non-compliance with the ADA.

65. Plaintiff has been damaged by Defendant's non-disclosure in an amount to be proven at trial, but in no event less than $135,000.00.

66. Defendant either intended to cause injury to Plaintiff or defendant consciously pursued a course of conduct knowing that it created a substantial risk of significant harm to Plaintiff.

67. Defendant is liable to Plaintiff for punitive damages in an amount to be proven at trial sufficient, however, to deter this Defendant and others similarly situated from pursuing similar acts but in no event less than $135,000.00

**WHEREFORE,** Plaintiff prays for relief as follows:

    A. For finding of that Defendant failed to disclose information; and

    B. For damages in the amount requested; and

    C. For punitive damages in the amount requested; and

    D. For such other and further relief as the Court may deem just and proper.

**COUNT FIVE**
Common Law and Statutory Fraud

68. Plaintiff realleges all allegations heretofore set forth.

69. Defendant made representation(s) as alleged in Table 2 above.

70. The representation(s) were material.

71. The representation(s) were false.

72. Defendant knew that the representation(s) were false or was ignorant to the truth or falsity thereof.

73. Defendant intended that Plaintiff rely on the false representation(s).

74. Plaintiff reasonably relied on the misrepresentation(s).

75. Plaintiff has a right to rely on the misrepresentation(s).

76. Plaintiff was consequently and proximately damaged by Defendant's misrepresentation(s).

77. Defendant's misrepresentation(s) were made in connection with the sale or advertisement of merchandise with the intent that Plaintiff rely on it.

78. Renting of hotel rooms is "merchandise" as this term is defined in A.R.S. §44-1521(5).

79. Plaintiff suffered an injury resulting from the false misrepresentation(s) and was damaged thereby in an amount of no less than $35,000.00.

80. Defendant either intended to cause injury to Plaintiff or defendant consciously pursued a course of conduct knowing that it created a substantial risk of significant harm to Plaintiff.

81. Defendant is liable to Plaintiff for punitive damages in an amount to be proven at trial sufficient, however, to deter this Defendant and others similarly situated from pursuing similar acts but in no event less than $235,000.00.

**WHEREFORE,** Plaintiff prays for relief as follows:

    A. For finding of that Defendant failed to disclose information; and

    B. For damages in the amount requested; and

    C. For punitive damages in the amount requested; and

    D. For such other and further relief as the Court may deem just and proper.

**COUNT SIX**
Consumer Fraud – Brand Deceit

82. Plaintiff realleges all allegations made above.

83. Hotels, motels and other places of lodging have developed a system of deceptive self-identification through the purchase and use of nationally recognizable brand names such as "Holiday Inn", "Hilton", "Motel 6", "Marriott" in order to hide the true ownership and operational management of the hotel or motel.

84. One way this deceptive self-identification is communicated to the guests and potential guests is through actual identification on the property itself. For example, Defendant Pro Hospitality identifies itself as GreenTree Inn at the entrance to the Hotel:



85. Pro Hospitality is not GreenTree Inn. It is Pro Hospitality. The misidentification is necessary because general public, including Plaintiff, identify GreenTree In properties with a higher degree of lodging standard and general integrity than Pro Hospitality.

86. Another way Defendant misidentifies itself is thorough its booking website:





87. Yet other ways the Hotel misidentifies itself as through business card of the Hotel management:



88. The intent and purpose of this deceptive self-identification is to mislead the lodging public into believing that they are booking a hotel room at a national brand name property when they are in fact booking a room with an unknown owner and an unknown operator. Plaintiff justifiably relied on Pro Hospitality 's false self-identification to his damage.

89. Plaintiff suffered an injury resulting from the false misrepresentation(s) and was damaged thereby in an amount of no less than $35,000.00.

90. Defendant either intended to cause injury to Plaintiff or defendant consciously pursued a course of conduct knowing that it created a substantial risk of significant harm to Plaintiff.

91. Defendant is liable to Plaintiff for punitive damages in an amount to be proven at trial sufficient, however, to deter this Defendant and others similarly situated from pursuing similar acts but in no event less than $135,000.00.

**WHEREFORE,** Plaintiff prays for relief as follows:

    A.  For finding of that Defendant failed to disclose information; and

    B.  For damages in the amount requested; and

    C.  For punitive damages in the amount requested; and

    D.  For such other and further relief as the Court may deem just and proper.

**COUNT SEVEN**
Civil Conspiracy

92. Plaintiff realleges all allegations heretofore set forth.

93. Greentree is the owner of the "GreenTree Inn" brand name.

94. Greentree and Pro Hospitality knew, at all times relevant hereto, that the Greentree brand has positive reputation, while Pro Hospitality has no reputation.

95. Public's perception of Pro Hospitality is wholly derivative of the reputation of Greentree.

96. Greentree and Pro Hospitality also knew, at all relevant times, that Pro Hospitality would sell more rooms if it sold the rooms under the name Greentree and not Pro Hospitality.

97. Pro Hospitality paid Greentree for the use of its brand name GreenTree Inn.

98. Greentree and Pro Hospitality structured their relationship so that Plaintiff and the public would believe that Greentree operates the Hotel, while at the same time they knew that Greentree was not the operator and would not be considered an operator of the Hotel and thereby not subject to ADA liability.

99. Greentree further provided Pro Hospitality with a booking platform on Greentree's website and agreed, expressly or implicitly, that HPTRI misrepresent its accessibility features thereon.

100.   Greentree and Pro Hospitality also knew that the use of Greentree's brand name and the misrepresentations on the Greentree's website would mislead the traveling public into believing that they were dealing with a reputable national lodging chain when in fact they are dealing with an unknown person or entity with no reputation and that the website disclosures ere truthful.

101.   It was for these reasons that Greentree and Pro Hospitality agreed that the Hotel would market its rooms under the name of Greentree.

102.   The agreement between Defendants assured that Greentree would (1) receive compensation for its part of the brand deceit and (2) avoid ADA liability Pro Hospitality would reap the benefits of greater sales caused by Defendants' brand deceit.

103.   Defendants agreed to falsely market the Hotel as a "GreenTree Inn" in order to misled the public, including Plaintiff.

104.   Plaintiff believed he was dealing with Greentree when in fact he was dealing with an unknown entity.

105.   Defendants Greentree and Pro Hospitality agreed to accomplish an unlawful purpose, the sale of rooms under deceptive brand, and did so by unlawful means.

106.   Defendants Greentree and Pro Hospitality agreed to accomplish an unlawful purpose, the sale of rooms to the disabled travelers with false accessibility information, and did so by unlawful means.

107.   Plaintiff suffered an injury resulting from Defendants' brand deceit and their agreement to accomplish it in a manner described above and was damaged thereby in an amount of no less than $35,000.00.

108.   Defendants either intended to cause injury to Plaintiff or defendant consciously pursued a course of conduct knowing that it created a substantial risk of significant harm to Plaintiff.

109.   Defendants are liable to Plaintiff for punitive damages in an amount to be proven at trial sufficient, however, to deter these Defendants and others similarly situated from pursuing similar acts but in no event less than $235,000.00.

**WHEREFORE,** Plaintiff prays for relief as follows:

    A.  For finding of that Defendants committed a civil conspiracy; and

    B.  For damage as prayed for above; and

    C.  For damages in the amount requested; and

    D.  For punitive damages in the amount requested; and

    E.  For such other and further relief as the Court may deem just and proper.

**COUNT EIGHT**
Civil Aiding and Abetting

110.   Plaintiff realleges all allegations heretofore made.

111.   Defendant Greentree aided and abetted Defendant Pro Hospitality brand deceit by:

    a.  Providing the Greentree signage on the physical Hotel building; and

    b.  Maintaining a booking website that does not disclose the true ownership and operator of the Hotel; and

    c.  Issuing reservation confirmations in the name of Greentree in order to conceal the true ownership and operations; and

    d.   Otherwise assuring that the true name of the owner of the Hotel appears nowhere on its disclosures, websites, booking websites, telephonic identification, physical signage or anywhere else; and

    e.  Providing a website platform upon which Defendant Pro Hospitality advertised its rooms with false and misleading accessibility disclosures.

112.   Greentree aided and abetted Pro Hospitality in providing Pro Hospitality with a website platform in which Pro Hospitality committed misrepresentations relating to accessibility.

113.   Plaintiff suffered an injury resulting from Greentree's aiding and abetting brand deceit in an amount of no less than $35,000.00.

114.   Defendants either intended to cause injury to Plaintiff or defendant consciously pursued a course of conduct knowing that it created a substantial risk of significant harm to Plaintiff.

115.   Defendants are liable to Plaintiff for punitive damages in an amount to be proven at trial sufficient, however, to deter these Defendants and others similarly situated from pursuing similar acts but in no event less than $235,000.00.

**WHEREFORE,** Plaintiff prays for relief as follows:

A.  For finding of that Defendant Greentree committed civil aiding and abetting; and

B.  For damage as prayed for above; and

C.  For punitive damages in the amount requested; and

D.  For such other and further relief as the Court may deem just and proper

### PUNITIVE DAMAGES ENHANCEMENT ALLEGATIONS

116.   Plaintiff further alleges that:

a.  Defendants' conduct was and continues to be reprehensible; and

b.  Defendant's caused severe of the harm, i.e. segregation of persons with disabilities; and

c.  Defendants segregated of Plaintiff from the rest of the traveling public; and

d.   The duration of Defendants' misconduct is over 30 years and

e.  Defendants' were fully aware of their own illicit maintenance of the Hotel; and

f.  Particularly where compensatory damages may be low, "the need for punishment or deterrence may be increased by reason of the very fact that the defendant will have no liability for compensatory damages". *Sanchez v. Clayton*, 117 N.M. 761, 767, 877 P.2d 567, 573 (1994) (citing to 1 Dan B. Dobbs, *Law of Remedies* § 3.11(10), at 515-16 (2d ed. 1993))).

117.   These factors recommend that only the most severe sanctions against Defendant Hotel will assure compliance with the ADA and integration of disabled individuals.

### REQUEST FOR TRIAL BY JURY

Plaintiff respectfully requests a trial by jury in issues triable by a jury.

1

RESPECTFULLY SUBMITTED this 8th day of September, 2020.

2

**PETER STROJNIK**

3

4

5

Peter Strojnik
Plaintiff

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT "5"

FILED
DONNA McQUALITY
CLERK, SUPERIOR COURT
09/14/2020 9:41AM
BY: MBURNETT
DEPUTY

Peter Strojnik
Pro Per
7847 N. Central Ave.
Phoenix, AZ 85020
(602) 524-6602



IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
IN AND FOR THE COUNTY OF YAVAPAI

PETER STROJNIK,

Plaintiff,

vs.

PRO HOSPITALITY ONE PV, LLC, et al,

Defendant.

Case Number: V1300CV202080202

DECLARATION OF SERVICE BY A
PRIVATE PROCESS SERVER

Received by Rush Hour Legal Service to be served on **GREENTREE INNS HOTEL MANAGEMENT GROUP, INC.,**.

I, Mark Hepp, do hereby affirm that on the **9th day of September, 2020 at 2:44 pm, I:**

served an **AUTHORIZED** entity by delivering a true copy of the **Summons; Complaint; Certificate of Compulsory Arbitration** with the date and hour of service endorsed thereon by me, to: **Alex S. Xu as CEO** at the address of: **858 W. Elliot Rd. Suite 102, Tempe, AZ 85284**, who stated they are authorized to accept service for **GREENTREE INNS HOTEL MANAGEMENT GROUP, INC.,**, and informed said person of the contents therein, in compliance with state statutes.

**Marital Status:** Based upon inquiry of party served, Defendant is married.

**Additional Information pertaining to this Service:**
9/9/2020 2:45 pm I arrived at the corporate office of Greentree hospitality group and was informed that Kevin was not in the office. I then asked for Alex, who is the CEO. As a member of the organization, Alex is authorized to except such documents on their behalf and willingly did so.

**Description** of Person Served: Age: 50, Sex: M, Race/Skin Color: Asian, Height: 5'11", Weight: 180, Hair: Black, Glasses: Y



## DECLARATION OF SERVICE BY A PRIVATE PROCESS SERVER For
### V1300CV202080202

I, being fully qualified under ARCP 4(e) to serve process within the State of Arizona and having been so appointed by Maricopa County Superior Court, Declare under penalty of perjury that the foregoing is true and correct and was executed on the above date.

**Mark Hepp**
7803

**Rush Hour Legal Service**
P.O. Box 30997
Mesa, AZ 85275
(480) 797-9483

Our Job Serial Number: RUL-2020001707
Service Fee: $65.00

Copyright © 1992-2020 Database Services, Inc. - Process Server's Toolbox V8.1g

# EXHIBIT "6"

Peter Strojnik
Pro Per
7847 N. Central Ave.
Phoenix, AZ 85020
(602) 524-6602



**IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
IN AND FOR THE COUNTY OF YAVAPAI**

**PETER STROJNIK,**

Plaintiff,

vs.

**PRO HOSPITALITY ONE PV, LLC, et al,**

Defendant.

Case Number: V1300CV202080202

**DECLARATION OF SERVICE BY A
PRIVATE PROCESS SERVER**

Received by Rush Hour Legal Service to be served on **PRO HOSPITALITY ONE PV, LLC.**

I, Douglass Burkhart, do hereby affirm that on the **12th day of September, 2020** at 6:15 pm, I:

served **PRO HOSPITALITY ONE PV, LLC** by delivering a true copy of the **Summons; Complaint; Certificate of Compulsory Arbitration** with the date and hour of service endorsed thereon by me, to: **ALEXANDRE RIZK (Statutory Agent)** at the address of: **5401 E. Everret Dr., Scottsdale, AZ 85254**, and informed said person of the contents therein, in compliance with state statutes.

**Description** of Person Served: Age: 45, Sex: M, Race/Skin Color: White, Height: 6'3", Weight: 210, Hair: Brown, Glasses: N

I, being fully qualified under ARCP 4(e) to serve process within the State of Arizona and having been so appointed by Maricopa County Superior Court, Declare under penalty of perjury that the foregoing is true and correct and was executed on the above date.

Douglass Burkhart
MC-8757

**Rush Hour Legal Service
P.O. Box 30997
Mesa, AZ 85275
(480) 797-9483**

Our Job Serial Number: RUL-2020001708
Service Fee: $75.00

Copyright © 1992-2020 Database Services, Inc. - Process Server's Toolbox V8.1g



# EXHIBIT "D"

Lindsay G. Leavitt – 029110
Lleavitt@jsslaw.com
Jordan T. Leavitt – 031930
jleavitt@jsslaw.com
JENNINGS, STROUSS & SALMON, P.L.C.
A Professional Limited Liability Company
One East Washington Street
Suite 1900
Phoenix, Arizona 85004-2554
Telephone: (602) 262-5911

*Attorneys for Defendant Pro Hospitality
One PV, LLC*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Peter Strojnik,<br><br>            Plaintiff,<br><br>vs.<br><br>Pro Hospitality One PV, LLC, d/b/a<br>Greentree Inn of Prescott; Greentree Inns<br>Hotel Management Group, Inc,<br><br>            Defendants.. | No.<br><br>**VERIFICATION OF STATE<br>COURT RECORD** |

State of Arizona          )
                          ) ss
County of Maricopa        )

### VERIFICATION OF LINDSAY G. LEAVITT

1.      I, Lindsay G. Leavitt, having been duly sworn upon my oath, declare and state, under penalty of perjury, as follows:

2.      I am a Partner at the law firm of Jennings, Strouss & Salmon, PLC, and represent Defendant Pro Hospitality One PV, LLC, d/b/a Greentree Inn of Prescott.

3.      On September 8, 2020, Plaintiff Peter Strojnik filed the above-captioned case in the Yavapai County Superior Court of the State of Arizona, Case No. V1300CV202080202 ("State Court Action").

4.      True and correct copies of all pleadings and other documents filed in

the State Court Action are attached to the Notice of Removal as Exhibit C [1-6].

5.   A true and correct copy of the Notice of Removal has been sent to the clerk of the court in the State Court Action, and written notice has been sent to the Plaintiff, at the same time that the Notice of Removal is being filed in this Court.

I verify under penalty of perjury that the foregoing is true and correct.

DATED this 12th day of October, 2020.

_____
Lindsay G. Leavitt

**SUBSCRIBED and SWORN to before me this 12th day of October, 2020.**

_____
Notary Public

My Commission Expires:

ELENA ARRELLIN MORA
NOTARY PUBLIC - ARIZONA
MARICOPA COUNTY
COMMISSION # 565498
MY COMMISSION EXPIRES
JUNE 30, 2023

2

7339464v1(88888.842)

# EXHIBIT "E"

Lindsay G. Leavitt – 029110
Lleavitt@jsslaw.com
Jordan T. Leavitt – 031930
jleavitt@jsslaw.com
**JENNINGS, STROUSS & SALMON, P.L.C.**
A Professional Limited Liability Company
One East Washington Street, Suite 1900
Phoenix, Arizona  85004-2554
Telephone: (602) 262-5911
MinuteEntries@jsslaw.com

*Attorneys for Defendant Pro Hospitality One
PV, LLC*

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF YAVAPAI

| | |
|---|---|
| PETER STROJNIK, | No. V1300CV202080202 |
| Plaintiff, | |
| vs. | **DEFENDANT PRO HOSPITALITY'S NOTICE OF REMOVAL TO FEDERAL COURT** |
| PRO HOSPITALITY ONE PV, LLC, d/b/a GREENTREE INN OF PRESCOTT; GREENTREE INNS HOTEL MANAGEMENT GROUP, INC., | |
| Defendants. | |

**TO:  CLERK OF THE SUPERIOR COURT AND ALL PARTIES TO THIS ACTION**

Please take notice that on October 12, 2020, Defendant Pro Hospitality One PV, LLC, d/b/a Greentree Inn of Prescott filed in the United States District Court for the District of Arizona a Notice of Removal to remove this action to that court.  A full and true copy of said Notice of Removal is herewith served on you for filing attached as **Exhibit "A"**.

RESPECTFULLY SUBMITTED this 12th day of October, 2020.

JENNINGS, STROUSS & SALMON, P.L.C.

By  */s/  Lindsay G. Leavitt*
Lindsay G. Leavitt
Jordan T. Leavitt
One East Washington Street, Suite 1900
Phoenix, Arizona  85004-2554
*Attorneys for Defendants*

7339480v1(88888.842)

1   Original of the foregoing E-Filed with the
    Clerk of the Court and a Copy of the
2   foregoing sent via U.S. mail on this 12th
3   day of October, 2020, to:

4   Peter Strojnik
    7847 N. Central Avenue
5   Phoenix, AZ 85020
6   ps@strojnik.com
    *Pro Per*

7

8   Alex S. Xu
    CEO
9   Greentree Inns Hotel Management Group, Inc.
    858 W. Elliott Road, Ste. 102
10  Tempe, AZ 85284
    *Defendant Greentree Inns Management Group, Inc.*
11
    */s/  Tana Davis-Digeno*
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7339480v1(88888.842)